UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| MELANIE MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>MEDSHARE, INC., et. al,<br><br>    Defendant. | CIVIL ACTION NO. 5:14-212-KKC<br><br><br>Opinion and Order |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Temporary Restraining Order (DE 7) filed pro se by the defendant and counter-claimaint James Faller. Because this action was not properly removed from state court, the motion will be denied and the action will be remanded to Fayette Circuit Court.

This action was commenced in Fayette County Circuit Court by Melanie Moore who filed suit against MedShare, Inc. and five individual defendants including Faller, who are apparently employed by MedShare. Moore was a patient at MedShare. In her complaint, she asserts that she was injured after she underwent treatments there. She asserts state-law claims of breach of contract, battery, and intentional infliction of emotional distress against each of the defendants.

The defendant James Faller removed the action to this Court asserting that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(a). "The existence of subject matter jurisdiction is

determined by examining the complaint as it existed at the time of removal," *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir.2004).

Section 1332(a) grants federal courts jurisdiction over actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. Diversity jurisdiction requires complete diversity, meaning that no plaintiff and no defendant are citizens of the same state. *See U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir.1992). Moore and all of the defendants named in her complaint are Kentucky citizens. Section 1331 grants this Court jurisdiction over all civil actions arising under federal law. Moore asserts no federal claims in her complaint. Accordingly, the Court has no jurisdiction over the claims in Moore's complaint and the action was improperly removed.

After removing this action, Faller filed a counterclaim in which he purports to assert certain federal claims. The counterclaims will not be considered for purposes of determining federal jurisdiction. This is because Faller has invoked this Court's jurisdiction through the removal statute, 28 U.S.C. § 1441. That statute permits the removal of state actions over which this court has original jurisdiction. Faller has attempted to remove Moore's state action but, as explained, this Court does not have jurisdiction over that action and removal is therefore improper.

Furthermore, even if Faller had first filed the counterclaim in state court and then removed the action, this Court would not have jurisdiction. This is because federal-question jurisdiction cannot be based on a counterclaim. *See Vaden v. Discover* Bank, 556 U.S. 49, 62 (2009) ("Under our precedent construing § 1331 . . . counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Wells Fargo*

*Delaware Trust Co., N.A. v. Lee*, 2013 WL 6909961, at *5 ("The law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim."); 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722 (4th ed.2009) ("Neither is it sufficient for the federal issue to enter the case through a counterclaim asserted by the defendant.)

For these reasons, the Court hereby ORDERS that this matter is REMANDED to Fayette Circuit Court and the motion for temporary restraining order (DE 7) is DENIED.

Dated this 3rd day of June, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY